

**TEXAS DEPARTMENT OF INSURANCE**

General Counsel Division (113-2A)
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

December 20, 2016

Certified Mail No. 07015 0640 0002 0960 6648
Return Receipt Requested

Scottsdale Insurance Company
ATTN: R. Lindsey McCutchan
Vice-Pres.-Legal & Asst. Secretary
8877 N. Gainey Center Drive
Scottsdale, AZ  85258

Re:   Cause No.: CV1611194; styled *Environmental Processing Systems, LC vs. Scottsdale Insurance Company;* in the 75th Judicial District Court, Liberty County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition in the above-referenced matter. These documents were served upon the Commissioner of Insurance on December 16, 2016.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosure

EXHIBIT A

FILED
9/20/2016 1:50:18 PM
Donna G. Brown
District Clerk
Liberty County, TX
DANA AMBROSE

CAUSE NO. CV1611194

| | | |
|---|---|---|
| ENVIRONMENTAL PROCESSING SYSTEMS, L.C. | § § | IN THE DISTRICT COURT OF |
| VS. | § § | LIBERTY COUNTY, TEXAS |
| SCOTTSDALE INSURANCE COMPANY | § § § § | 75TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ENVIRONMENTAL PROCESSING SYSTEMS, L.C., Plaintiff herein, who files this its Original Petition against the Defendant, SCOTTSDALE INSURANCE COMPANY and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

2. Plaintiff, ENVIRONMENTAL PROCESSING SYSTEMS, L.C., is a company who does business in Liberty County, Texas.

3. Defendant, SCOTTSDALE INSURANCE COMPANY, is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant is located at 1 West Nationwide Blvd., DSPF 78, Columbus, OH 43215. As no Attorney of Service has been designated by this Company with the Texas Department of Insurance. Defendant may be served by serving the Commissioner of Insurance for the State of Texas at P. O. Box 149103, Austin, TX 78714, via Certified U.S. Mail Return Receipt Requested.

## C. Jurisdiction

4. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

5. The Court has jurisdiction over Defendant SCOTTSDALE INSURANCE COMPANY because Defendant is a citizen of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## D. Venue

6. Venue is proper in Liberty County, Texas because the insured property is situated in Liberty County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

## E. Facts

7. Plaintiff was the owner of **Texas Commercial Policy number CPS2124994** issued by Defendant, SCOTTSDALE INSURANCE COMPANY (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 600 Hatcherville Rd., Dayton, TX 77535.

8. Defendant SCOTTSDALE INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail damage.

9. Plaintiff submitted a claim to Defendant with date of loss October 30, 2015 for wind and/or hail damage to the building and contents of the property.

10. Defendant assigned claim number **01679133** to Plaintiff's claim.

11. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically, Defendant conducted a cursory inspection and determined significant damage had been caused by flood, an uncovered loss. However, Defendant ignored open and obvious damage that was caused as a result of wind, a covered loss under the policy.

12. Defendant improperly paid Plaintiff's claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

13. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendant. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

14. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

15. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(2).

16. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not

communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(3).

17. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(4).

18. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(7).

19. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.055.

20. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.056.

21.  Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE.Section 542.055.

22.  From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

23.  As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

24.  Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### F. Causes of Action

### Breach of Contract

25.  Defendant SCOTTSDALE INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

26. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### Violations of the Texas Insurance Code

27. Defendant's conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

28. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

29. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

30. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

31. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

33. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

34. Defendant's failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

35. Defendant's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

### Breach of the Duty of Good Faith and Fair Dealing

36. Defendant SCOTTSDALE INSURANCE COMPANY's conduct constitutes a breach of the common law duty of goodfaith and fair dealing owed to insured's in insurance contracts.

37. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### H. Knowledge and Intent

38. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### I. Texas Deceptive Trade Practices Act

39. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

40. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

  c. Advertising goods or services with intent not to sell them as advertised;

  d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

  e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

  f. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

  g. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

  h. Engaging in an unconscionable course of conduct.

## J. Damages and Prayer

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, ENVIRONMENTAL PROCESSING SYSTEMS, L.C., complains of SCOTTSDALE INSURANCE COMPANY, and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

42. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

43. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of the claims, together with attorney's fees.

44. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts

complained of, Plaintiff asks for three times her actual damages. TEX. INS. CODE ANN. Section 541.060.

45. For noncompliance with *Texas Prompt Payment of Claims Act*, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show herself to be justly entitled.

46. For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

_____
Jason M. Byrd
State Bar No. 24036303
Thomas C. Mayo
State Bar No. 24032703
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

_____
Jason M. Byrd